# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN JADE RED FOX,<br><br>Defendant. | CR 24-11-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Dustin Jade Red Fox (Red Fox) has been accused of violating the conditions of his supervised release. Red Fox admitted alleged violation 2. Red Fox denied alleged violation 1. The Court dismissed alleged violation 1 on the government's motion. Red Fox's supervised release should be revoked. Red Fox should be placed in custody until April 15, 2024, with 34 months of supervised release to follow. Red Fox should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility such as Connections Corrections. Red Fox's supervised release conditions should be amended to include the additional conditions set forth below.

## II. Status

Red Fox pleaded guilty to First Degree Burglary. (Doc. 2-3). United States District Judge Charles B. Kornmann sentenced Red Fox to 27 months of custody, followed by 3 years of supervised release. (Docs. 2-3). Red Fox's current term of supervised release began on February 13, 2024. (Doc. 3).

### Petition

The United States Probation Office filed a Petition on February 29, 2024, requesting that the Court revoke Red Fox's supervised release. (Doc. 3). The Petition alleged that Red Fox had violated the conditions of his supervised release: 1) by committing another crime; and 2) by consuming alcohol.

### Initial appearance

Red Fox appeared before the undersigned for his initial appearance on March 26, 2024. Red Fox was represented by counsel. Red Fox stated that he had read the petition and that he understood the allegations. Red Fox waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on March 26, 2024. Red Fox admitted that he had violated the conditions of his supervised release by

2

consuming alcohol. The Court dismissed alleged violation 1 on the government's motion. The violation that Red Fox admitted is serious and warrants revocation of Red Fox's supervised release.

Red Fox's violation is a Grade C violation. Red Fox's criminal history category is III. Red Fox's underlying offense is a Class B felony. Red Fox could be incarcerated for up to 36 months. Red Fox could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Red Fox's supervised release should be revoked. Red Fox should be placed in custody until April 15, 2024, with 34 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Red Fox should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility such as Connections Corrections. Red Fox's supervised release conditions should be amended to include the additional conditions set forth below.

### IV. Conclusion

The Court informed Red Fox that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Burton of his right to object to these Findings and Recommendations

within 14 days of their issuance. The Court explained to Red Fox that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Red Fox stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Dustin Jade Red Fox violated the conditions of his supervised release: by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Red Fox's supervised release and commit Red Fox to the custody of the United States Bureau of Prisons until April 15, 2024, with 34 months of supervised release to follow. Red Fox should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility such as Connections Corrections. Red Fox's supervised release conditions should be amended to include the following additional conditions:

1. Red Fox must have no contact with Walter One Feather or Shantell One Feather.

2. Red Fox must participate in an outpatient program for mental health treatment as approved by his probation officer. Red Fox must remain in the program until he is released by his probation officer in consultation with the treatment provider. Red Fox must pay part or all of the costs of treatment as directed by his probation officer.

3. Red Fox must submit his person, residence, place of

employment, vehicles, and papers to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. Red Fox must warn any other occupants that the premises may be subject to searches pursuant to this condition. Red Fox must allow seizure of suspected contraband for further examination.

4. Red Fox must participate in substance abuse testing to include not more than 104 urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. Red Fox must pay part or all of the costs of testing as directed by his probation officer.

5. Red Fox must participate in and successfully complete an outpatient program of substance abuse treatment as approved by his probation officer. Red Fox must remain in the program until he is released by his probation officer in consultation with the treatment provider. Red Fox must pay part of all of the costs of this treatment as directed by his probation officer.

6. Red Fox must participate in and successfully complete an inpatient substance abuse treatment program as approved by his probation officer. Red Fox must remain in the program until he is released by his probation officer in consultation with the treatment provider. Red Fox must pay part or all of the costs of this treatment as directed by his probation officer.

7. Red Fox must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medical purposes under state law.

8. Red Fox must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering his mental or physical state. Psychoactive substances include, but are not limited to,

synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of March, 2024.

John Johnston
United States Magistrate Judge