IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN JADE RED FOX,<br><br>Defendant. | CR 24-11-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Dustin Jade Red Fox (Red Fox) has been accused of violating the conditions of his supervised release. (Doc. 25). Red Fox admitted most of the alleged violations. Red Fox shall be sentenced to custody for 4 months, with 30 months of supervised release to follow. During the term of supervised release, Red Fox shall be placed in an in-patient substance abuse treatment facility at the direction of his probation officer. Following substance abuse treatment, Red Fox shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

## II. Status

Red Fox pleaded guilty to First Degree Burglary. (Doc. 2-3). United States

District Judge Charles B. Kornmann for the District of South Dakota sentenced Red Fox to 27 months of custody, followed by 3 years of supervised release. (Docs. 2-3). Red Fox's supervision was transferred to Montana on February 21, 2024. Red Fox’s current term of supervised release began on April 15, 2024.

**Petition**

On October 1, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Red Fox’s supervised release. (Doc. 24). The Petition alleged Red Fox violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on July 22, 2026; (2) committing another federal, state or local crime by being charged on September 18, 2026, with the offense of Driving Without a Valid Driver’s License, in violation of Mont. Code Ann. § 61-5-102(1); (3) failing to comply with substance abuse testing requirements on September 25, 2026; (4) failing to follow the instructions of his probation officer not to drive without a license by operating a motor vehicle on September 27, 2026, and being involved in a one-vehicle accident; and (5) by huffing an air duster, a psychoactive substance on multiple occasions on September 30, 2026.

**Initial Appearance**

Red Fox appeared before the Court on October 27, 2026. Red Fox was represented by counsel. Red Fox stated that he had read the Petition and that he

understood the allegations against him. Red Fox waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Red Fox appeared before the Court on October 27, 2026. Red Fox admitted that he had violated the conditions of supervised release as set forth as allegations 1, 2, 4, and 5 in the Petition. The Government moved to dismiss allegation 3, which the Court granted. Red Fox's admitted violations, 1, 2, 4, and 5, are serious and warrant revocation of his supervised release. The Court continued Red Fox's sentencing until November 9, 2026, at 10:00 a.m., which was subsequently continued until November 12, 2026, at 1:15 p.m.

**Sentencing hearing**

Red Fox appeared before the Court on November 12, 2026. Red Fox's violations are Grade C. His criminal history category is III. Red Fox's underlying offense is a Class B felony. Red Fox could be incarcerated for up to 36 months. Red Fox could be ordered to remain on supervised release for up to 34 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Red Fox's supervised release should be revoked. Red Fox should be sentenced to custody for 4 months, with 30 months of supervised release to follow. During the term of supervised release, Red Fox shall be placed in an in-patient substance abuse treatment facility at the direction of his probation officer. Following substance abuse treatment, Red Fox shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Red Fox that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Red Fox of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Red Fox that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Red Fox waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That DUSTIN JADE RED FOX has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on July 22, 2026; (2) committing another federal, state or local crime by being charged on September 18, 2026, with the offense of Driving Without a Valid Driver's License, in violation of Mont. Code Ann. § 61-5-102(1); (4) failing to follow the instructions

of his probation officer not to drive without a license by operating a motor vehicle on September 27, 2026, and being involved in a one-vehicle accident; and (5) by huffing an air duster, a psychoactive substance on multiple occasions during September of 2026.

The Court **RECOMMENDS**:

That the District Court revoke Red Fox's supervised release and sentence Red Fox to custody for 3 months, with 31 months of supervised release to follow. During the term of supervised release, Red Fox shall be placed in an in-patient substance abuse treatment facility at the direction of his probation officer. Following substance abuse treatment, Red Fox shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

IT IS FURTHER ORDERED that Red Fox shall be released from custody at the Cascade County Detention Center on Monday, November 16, 2026, at noon and shall return to custody on Wednesday, November 18, 2026, no later than 5:00 p.m.

DATED this 13th day of November 2026.

John Johnston
United States Magistrate Judge